# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**FLOYD E. MCNEAL,**

    **Plaintiff,**

v.

**CHARLIE LNU,**

    **Defendant.**

Case No. 16-cv-04137-DDC-KGS

## MEMORANDUM AND ORDER

On August 17, 2016, pro se plaintiff Floyd McNeal[1] filed a Complaint, alleging a claim against defendant Charlie—whose last name is unknown—for racial discrimination under 42 U.S.C. § 1981. Doc. 1-1. In his Complaint, plaintiff alleges that he is a black man and that defendant—the owner of a liquor store in Topeka, Kansas—refused him service. *Id.* at 2, 4. When plaintiff asked why he was being denied service, defendant stated that it was because plaintiff had been "'panhandling' over 10 years ago" and then defendant called the police. *Id.* at 4 (emphasis omitted). During this exchange, plaintiff noticed "other people in the lot who were white and Mexican and being loud and disruptive," but were nonetheless allowed to shop in defendant's store. *Id.*

On September 16, 2016, defendant filed a Motion to Dismiss plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 7. Plaintiff filed a Response. Doc. 8. Defendant has not filed a reply, and the time for doing so has expired. The motion thus is ready for decision. For reasons explained below, the court denies defendant's Motion to Dismiss.

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

1

**I.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

On a motion to dismiss under Rule 12(b)(6)—like this one—the court assumes that a complaint's factual allegations are true, but need not accept mere legal conclusions as true. *Id.* at 1263. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief. *Iqbal*, 556 U.S. at 678.

**II.    Analysis**

Defendant asserts that plaintiff fails to allege facts sufficient to state a claim under 42 U.S.C. § 1981. To state such a claim, plaintiff must allege facts that support each of the following three elements: "(1) the plaintiff is a member of a racial minority; (2) the defendant

intended to discriminate on the basis of the plaintiff's race; and (3) the discrimination concerned one or more activities enumerated in § 1981." *Chambers v. Simon Prop. Grp., L.P.*, No. 12-1179-EFM, 2013 WL 1947422, at *2 (D. Kan. May 10, 2013) (citing *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001)). "These elements 'are flexible and are not to be applied rigidly.'" *Hampton*, 247 F.3d at 1102 (quoting *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 530 n.2 (10th Cir. 1994)). Defendant contends that plaintiff fails to allege facts supporting the second and third elements above. The court considers both elements, separately, below.

### A.   Element Two:  Intentional Discrimination

Defendant contends that plaintiff fails to allege facts showing intentional discrimination. Doc. 7 at 3. For support, defendant notes that plaintiff alleges defendant's non-discriminatory reason for defendant's actions and "fails to allege sufficient evidence from which a trier of fact could presume that race was a motive for his being banned from" defendant's premises. *Id.* at 4. This argument misapprehends plaintiff's burden at the motion to dismiss stage.

Defendant asserts a legitimate, non-discriminatory reason existed for excluding plaintiff from his store's premises. This assertion references defendant's burden in the second step of the *McDonnell Douglas Corp. v. Green* burden-shifting scheme. *See* 411 U.S. 792, 802–03 (1973). That step, however, does not apply at the motion to dismiss stage. At this juncture, a plaintiff need not come forward with evidence to prove his claims. Rather, a plaintiff need only allege facts that, if proven true later, could support a prima facie case of discrimination. *Avington v. Andales Rest. Corp.*, No. 10-CV-0640-CVE-FHM, 2011 WL 256879, at *2 (N.D. Okla. Jan. 25, 2011). To state a prima facie case, plaintiff "is only required to raise an inference of discrimination, not dispel the non-discriminatory reasons subsequently proffered by the

3

defendant." *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1193 (10th Cir. 2000) (citing *MacDonald v. E. Wyo. Mental Health Ctr.*, 941 F.2d 1115, 1119 (10th Cir. 1991), *abrogated on other grounds by Randle v. City of Aurora*, 69 F.3d 441 (10th Cir. 1995)). A number of circumstances can provide a sufficient basis to infer intentional discrimination. They include allegations that the defendant treated the plaintiff differently than similarly situated people who are not part of a protected class. *Id.* at 1195 n.7. But, a plaintiff may not rely solely on an allegation that he or she is a member of a protected class to show intentional discrimination. *Wesley v. Don Stein Buick, Inc.*, 985 F. Supp. 1288, 1294 (D. Kan. 1997), *order vacated in part on other grounds*, 996 F. Supp. 1299 (D. Kan. 1998); *see also Phillips v. Fisher*, 445 F. Supp. 552, 556 (D. Kan. 1977) ("The mere fact that plaintiffs are black does not automatically entitle them to claim that anything that has happened to them has happened because they are black.").

Here, plaintiff alleges that defendant denied him—a black man—"access and . . . the right to buy and to contract" at defendant's store on August 11, 2016. Doc. 1-1 at 2, 4. And that, when asked why he was denying plaintiff the "right to buy and to contract, the defendant accused plaintiff of 'panhandling' over 10 years ago" and then defendant called the police. *Id.* at 4 (emphasis omitted). But, when pressed, defendant "refused to" prove "his allegations" that plaintiff was panhandling. *Id.* Plaintiff also alleges that "other people in the lot who were white and Mexican" were "being loud and disruptive" yet were still "allow[ed] to buy and shop" in defendant's store. *Id.* Plaintiff then "demanded to be allowed to contract as others who were similarly situated to plaintiff but was denied" this opportunity. *Id.*

Plaintiff's allegations are sufficient to allege a claim that defendant denied plaintiff access to his store because of plaintiff's race. Although plaintiff does not explicitly state that

defendant denied him access to the store because of his race, plaintiff does assert that defendant treated similarly situated people of other races differently than plaintiff. This allegation is sufficient to support a reasonable inference that defendant intentionally discriminated against plaintiff.

To reach this conclusion, the court abides by the Tenth Circuit's command to construe a pro se plaintiff's pleadings liberally. *See Hall*, 935 F.2d at 1110. Also, the court's decision is informed by our court's holdings finding similarly limited allegations sufficient to allege intentional discrimination. *See, e.g.*, *Chambers*, 2013 WL 1947422, at *3 (holding that a plaintiff's allegations satisfied the requirements of notice pleading where she, a black woman, alleged that a white security guard "told her to pull up her pants," because "low-waisted pants are 'a form of dress associated heavily with African Americans'"); *Le v. Hy-Vee, Inc.*, 385 F. Supp. 2d 1111, 1117 (D. Kan. 2005) (holding that the plaintiffs brought forth facts sufficient to support a prima facie case of intentional discrimination because the defendant's store manager "made remarks that she would not, nor should any other Hy-Vee employee, provide services or sell goods to plaintiffs . . . [and] these statements included references to plaintiffs and other individuals associated with . . . [plaintiffs] as Asians"); *Lewis v. Commerce Bank & Tr.*, 333 F. Supp. 2d 1019, 1022 (D. Kan. 2004) (suggesting that a plaintiff's allegations that he "was forced to wait longer than most people would like to have his check cashed" and saw similarly situated "white persons" served more quickly were sufficient to allege intentional discrimination); *but see Wesley*, 985 F. Supp. at 1294–94 (dismissing a plaintiff's complaint but granting her leave to amend it because her allegations "that she [was] an African-American and that she was the only customer of [the defendant] who was refused service and treated with threatening conduct" fell "just short of making out a prima facie case").

5

### B.      Element Three:  Concerning an Activity Listed in § 1981

Plaintiff bases his claim on defendant's alleged violation of § 1981(a), which protects a person's right to make and enforce contracts free from discrimination.  Doc. 1-1 at 4–5. Defendant asserts, however, that "[t]he retail sale of liquor does not as a matter of law constitute the making of a contract as contemplated" by § 1981(a).  Doc. 7 at 3.  Defendant's assertion is not quite correct.

The Tenth Circuit has recognized that, although most § 1981 contract-clause cases arise out of the employment context, "the statute has been applied to discrimination claims arising in the retail sector and restaurant industry."  *Hampton*, 247 F.3d at 1102 (first citing *Bobbitt v. Rage, Inc.*, 19 F. Supp. 2d 512, 518–20 (W.D.N.C. 1998); then citing *Washington v. Duty Free Shoppers, Ltd.*, 710 F. Supp. 1288, 1289–90 (N.D. Cal. 1988)).  And, in *Barfield v. Commerce Bank, N.A.*, the Tenth Circuit noted that "[a]ll courts to have addressed the issue have held that a customer's offer to do business in a retail setting qualifies as a 'phase[ ] and incident[ ] of the contractual relationship' under § 1981," and so can give rise to a claim under § 1981's contract clause.  484 F.3d 1276, 1278 (10th Cir. 2007).  So, the retail sale of liquor could suffice as a basis for a § 1981 claim, so long as the would-be plaintiff alleges facts showing that the defendant impaired the plaintiff's right to make or enforce a contract.

Regardless of context, a claim for interference with the right to make and enforce a contract under § 1981 "must involve the actual loss of a contract interest, not merely the possible loss of future contract opportunities."  *Hampton*, 247 F.3d at 1104 (quoting *Wesley v. Don Stein Buick, Inc.*, 42 F. Supp. 2d 1192, 1200 (D. Kan. 1999)).  In several cases, courts in our Circuit have indicated that a plaintiff can satisfy this standard by alleging facts showing that he or she "was actually prevented from making a purchase."  *Chambers*, 2013 WL 1947422, at *3

(emphasis omitted) (quoting *Wesley*, 42 F. Supp. 2d at 1201); *see also Lewis*, 333 F. Supp. 2d at 1022 (explaining that a plaintiff often must allege that he or she was unable to complete the sales transaction to state a contract-clause claim under § 1981 in the retail setting).

Here, plaintiff alleges that defendant denied him access to defendant's store and thus deprived plaintiff of the "right to buy and to contract" at defendant's store. Doc. 1-1 at 4. This allegation supports a reasonable inference that defendant prevented plaintiff from making a purchase at defendant's store. Certainly, more allegations about the incident might prove helpful or useful, but they are not required at this stage of the litigation. And, although the court cannot consider statements from a party's brief as allegations or evidence, s*ee Lemaster v. Collins Indus., Inc.*, No. 11-CV-2128-JTM, 2011 WL 5966911, at *2 (D. Kan. Nov. 29, 2011), plaintiff's Response to defendant's Motion states that he had shopped at defendant's store from August 1, 2016, until the incident on August 11, 2016, doc. 8 at 2. Plaintiff also implies that he was willing to pay for defendant's goods. *See* Doc. 8 at 2. Plaintiff alleges facts sufficient to support element three.

In sum, plaintiff alleges facts sufficient to support all three elements of his § 1981 claim. The court thus denies defendant's Motion to Dismiss.

**IT IS THEREFORE ORDERED THAT** defendant's Motion to Dismiss (Doc. 7) is denied.

**IT IS SO ORDERED.**

**Dated this 13th day of December, 2016, at Topeka, Kansas.**

              **s/ Daniel D. Crabtree**
              **Daniel D. Crabtree**
              **United States District Judge**